UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARTHA PAIGE,                    :        NO. 1:08-CV-00518
                                 :
        Plaintiff,               :
    v.                           :        **OPINION AND ORDER**
                                 :
                                 :
KIMBERLY COYNER, et al.,         :
                                 :
        Defendants.              :

        This matter is before the Court on Defendant Warren
County Port Authority's 12(b)(6) Motion to Dismiss (doc. 8),
Plaintiff's Response in Opposition (doc. 13), and Defendant's Reply
in Support (doc. 14). For the reasons stated herein, the Court
GRANTS Defendant's Motion.

**I. BACKGROUND**

        The following facts are drawn from Plaintiff's Complaint.
On August 6, 2007, Plaintiff Martha Paige attended a meeting of the
board of Defendant Warren County Port Authority ("the Port
Authority"), and made public comments to the board about one of its
projects (doc. 1).  A week later, on August 13, 2007, Defendant
Kimberly Coyner ("Coyner"), allegedly in an effort to retaliate
against Plaintiff, made a telephone call to Plaintiff's employer,
private developer Bunnell Hill, stating falsely that at the August
6th meeting, Plaintiff "introduced herself as an employee of Bunnell
Hill and spoke negatively about the establishment of the Port
Authority." (Id.). Coyner then stated that the purpose of the call

was to seek clarification of Bunnell Hill's commitment to development of the region (Id.). Three days later, Bunnell Hill terminated Plaintiff's employment, indicating that one of the reasons for her firing was that she had used Bunnell Hill's name in a public meeting to oppose development (Id.).

On August 6, 2008, Plaintiff filed a complaint against the Port Authority, the Warren County Board of Commissioners, and Coyner, alleging a claim under 42 U.S.C. § 1983 for violations of the First and Fourteenth Amendments, and claims for defamation and tortious interference with an employment relationship under Ohio state law (doc. 1). Now, the Port Authority moves to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6), for failure to state a claim upon which relief may be granted (doc. 8).

## II. APPLICABLE LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) requires the Court to construe the complaint in the light most favorable to the plaintiff, Block v. Ribar, 156 F.3d 673, 677 (6th Cir. 1998), and accept as true all the Complaint's factual allegations, Broyde v. Gotham Tower, Inc., 13 F.3d 994, 996 (6th Cir. 1994). A court's decision to grant a motion to dismiss may not be based upon a disbelief of the Complaint's factual allegations. Miller v. Currie, 50 F.3d 373, 377 (6th Cir. 1995) (courts should neither weigh evidence nor evaluate the credibility of witnesses). Instead, in its scrutiny of the complaint, the Court must construe

2

all well-pleaded facts liberally in favor of the party opposing the motion.  Scheuer v. Rhodes, 416 U.S. 232, 236,  94 S.Ct. 1683, 1687 (1974)(overruled on other grounds).  Indeed, "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). The question before the Court considering a motion to dismiss is "not whether [the] plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

        The admonishment to liberally construe the plaintiff's claim when evaluating a Rule 12(b)(6) dismissal does not relieve a plaintiff of his obligation to satisfy federal notice pleading requirements and allege more than bare assertions of legal conclusions.  Wright, Miller & Cooper, Federal Practice and Procedure: § 1357 at 596 (1969).  "In practice, a complaint . . . must contain either direct or inferential allegations respecting all of the material elements [in order] to sustain a recovery under some viable legal theory." Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984)(quoting In Re: Plywood Antitrust Litigation, 655 F.2d 627, 641 (5th Cir. 1981)).  As the Supreme Court recently held in Bell Atlantic Corp. V. Twombly, ---- U.S. ----, 127 S.Ct 1955 (2007), "a plaintiff's obligation is to provide the grounds of his entitlement to relief requires more than

3

labels and conclusions, and a formulaic recitation of the elements

of a cause of action will not do." Id. at 1964-65.  See also Ass'n

of Cleveland Fire Fighters, et al., v. City of Cleveland, et al.

2007 WL 2768285, *2 (6th Cir. 2007).  Additionally, the Court

stated that the complaint need not contain detailed factual

allegations, but its "[f]actual allegations must be enough to raise

a right to relief above the speculative level on the assumption

that all the allegations in the complaint are true." Id.

**III. DISCUSSION**

   **A. State Law Claims**

        The Port Authority first argues, and Plaintiff concedes,

that Plaintiff's state law claims for defamation and tortious

interference with an employment relationship must be dismissed in

light of the immunity afforded the Port Authority under the

Political Subdivision Tort Liability Act, O.R.C. § 2744 (docs. 8,

11, 14).  The Court agrees that as a political subdivision carrying

out governmental functions, the Port Authority is entitled to

statutory immunity from Plaintiff's state law claims under O.R.C.

§ 2744.02(A)(1).

   **B. 42 U.S.C. § 1983 Claim**

        **1. The Port Authority's Motion**

        The Port Authority further argues that Plaintiff's

remaining claim, alleging a violation of 42 U.S.C. § 1983, should

be also dismissed (doc. 8).  To establish a prima facie case under

4

§ 1983, a plaintiff must prove the following two elements: "1) the defendant must be acting under the color of state law, and (2) the offending conduct must deprive the plaintiff of rights secured by federal law." <u>Bloch v. Ribar</u>, 156 F.3d 673, 677 (6th Cir. 1998); <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981).

The Port Authority contends that Plaintiff cannot establish either element, first addressing the necessity of the deprivation of a right secured by federal law (doc. 6). The Port Authority argues that despite claiming First Amendment retaliation, Plaintiff has not alleged that her right to free speech was chilled as required to establish a <u>prima</u> <u>facie</u> case of First Amendment retaliation, and therefore has failed to claim a deprivation of a federal right (<u>Id</u>., citing <u>Bloch</u>, 156 F.3d at 678). Further, the Port Authority argues that the injuries Plaintiff does allege, job termination and loss of benefits, were the result of actions taken by Plaintiff's employer, not the Port Authority (<u>Id</u>.).

The Port Authority next argues that even if Plaintiff did properly plead a retaliation claim and was deprived of her right to free speech, Plaintiff fails to allege this deprivation occurred under color of law (<u>Id</u>.). The Port Authority contends that Plaintiff must meet one of two tests, the "nexus test" or the "state compulsion test," in order to hold the Port Authority liable

for the actions of Plaintiff's private employer.[1]  Under the nexus

test, a plaintiff must show that "there is a sufficiently close

nexus between the State and the challenged action of the regulated

entity so that the action of the latter may be fairly treated as

that of the State itself." Blum v. Yaretsky, 457 U.S. 991, 1004

(1982)(quoting Jackson v. Metropolitan Edison Co., 419 U.S. 345,

350 (1974)).  The Port Authority argues that Plaintiff has not

alleged a sufficient nexus because the only interaction between

Bunnell and anyone at the Port Authority regarding Plaintiff was

the telephone call, and Plaintiff does not allege that Coyner or

the Port Authority made any threats or promises to Bunnell

regarding Plaintiff's employment status (doc. 8).

Under the state compulsion test, the State must exercise

a coercive power or provide such significant encouragement that the

action may be deemed that of the State.  Blum, 457 U.S. at 1004.

The Port Authority argues that, even taking as true Plaintiff's

conclusory allegations that Coyner knew her statements would lead

to Plaintiff's termination, Plaintiff has not alleged the necessary

compulsion (doc. 8).  Because Plaintiff does not allege that the

Port Authority commanded Bunnell terminate Plaintiff's authority,

and therefore, the Port Authority argues that Bunnell's termination

_____

[1] The Port Authority also acknowledges two other tests, the
"public function test" and the "entwinement test," but states
that neither test is relevant here (doc. 8).  Plaintiff does not
dispute this assertion (doc. 11).

of Plaintiff cannot be contributed to the Port Authority (<u>Id</u>.).

### 2. Plaintiff's Response

In response, Plaintiff first avers that she has met the second element of a § 1983 claim, arguing that she is not required to make an allegation that her right to free speech was chilled, but rather Plaintiff must allege an injury that would likely chill speech (doc. 11, citing <u>Bloch</u>, 156 F.3d at 678). Plaintiff contends that the termination of employment, the injury she suffered, is generally recognized as such an injury (<u>Id</u>., citing <u>Bloch</u>, 156 F.3d at 678; <u>Garcietti v. Ceballos</u>, 547 U.S. 410 (2006)).

Next, Plaintiff disputes the Port Authority's contention that Plaintiff must meet the "nexus test" or "state compulsion test" to prove that the Port Authority acted "under the color of law" (doc. 11). Plaintiff contends that those tests are appropriate where a plaintiff sues a private actor on the theory that the private actor acted "under the color of law", whereas here, Plaintiff has sued three government actors on the basis that their retaliatory conduct resulted in the termination of her private-sector employment (<u>Id</u>.). Plaintiff cites <u>Korb v. Lehman</u>, F.2d 243, 248 (4th Cir. 1991) and <u>Helvey v. City of Maplewood</u>, 154 F.3d 841 (8th Cir. 1998), for the proposition that a § 1983 claim arises where a government official causes a private employee to be fired by his private employer for exercising his First Amendment

rights, which Plaintiff alleges happened in this case (<u>Id</u>.).

### 3. The Port Authority's Reply

The Port Authority refutes Plaintiff's contention that the Court is not required to apply the "nexus" or "state compulsion" tests, stating that the Supreme Court addressed the situation where a plaintiff sues a public actor for the actions of a private actor in <u>Blum</u>, 457 U.S. at 1004. In <u>Blum</u>, a class of nursing home patients sued the State of New York, alleging the state was liable for decisions made by private nursing homes. <u>Id</u>. at 991. The Supreme Court in <u>Blum</u> applied both the "nexus" and "state compulsion" tests, and held that "a State normally can be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the state." <u>Id</u>. at 1004. Further, the Port Authority argues that Plaintiff's reliance on <u>Korb v. Lehman</u> and <u>Helvey v. City of Maplewood</u> is misplaced as these cases are readily distinguishable from the present case and do not stand for the proposition that it is unnecessary to perform the state compulsion or nexus tests to determine whether the government actor actually "caused" the termination (doc. 14). Thus, the Port Authority argues that the Court must apply these tests to determine whether Bunnell's actions can be attributed to the Port Authority (<u>Id</u>.).

In applying the tests, the Port Authority reiterates its

8

contention that Plaintiff failed to plead any facts to establish that the Port Authority threatened Bunnell Hill or exercised any coercion or control over Bunnell Hill's decision to terminate Plaintiff (Id.). The Port Authority contends that the facts alleged in this case are very similar to those in German v. Fox, 267 Fed. Appx. 231 (4th Cir. 2008), where that court found the plaintiff had failed to plead facts sufficient to show that the state actor coerced the private employer to fire the plaintiff, holding "when the state has coerced a private party to commit an act that would be unconstitutional if done by the state, it means that the state has ordered the specific conduct." Id. at 235.

**4. Analysis**

As a preliminary matter, the Court finds that under the Supreme Court ruling in Blum v. Yaretsky, Plaintiff must have plead facts sufficient to satisfy either the nexus or state compulsion test in order to meet the "under color of law" element and allege a prima facie case under § 1983. 457 U.S. at 1004; see also Wolotsky v. Huhn, 960 F.2d 1331, 1335 (6th Cir. 1992). Therefore, the focus of the Court's inquiry is "whether the [Port Authority's] actions as alleged in the complaint can fairly be seen as state action," Adams v. Bain, 697 F.2d 1213, 1217 (4th Cir.1982). Plaintiff makes the following allegations about the Port Authority's involvement in Plaintiff's termination: Plaintiff made comments during a public meeting of the Port Authority that upset

9

Coyner (doc. 1). In an attempt to retaliate against Plaintiff,

Coyner then called Bunnell Hill, stating she wanted to seek

"clarification of Bunnell Hill's commitment to development of the

region" (Id.). Bunnell Hill terminated Plaintiff's employment,

stating among the reasons for her termination that Plaintiff had

used the company name during the Port Authority meeting (Id.). The

Court finds that these allegations are not sufficient to meet

either the nexus or the state compulsion test.

The Court finds persuasive the Fourth Circuit's ruling in

German, which, considering a similar set of circumstances held

that:

> [W]hen the state has coerced a private party to commit an
> act that would be unconstitutional if done by the state,
> it means that the state has ordered specific conduct. See
> Andrews, 998 F.2d at 217. This is to say that "[t]he
> presumption in favor of respecting the private choice of
> individuals is dissolved by the force of state command."

267 Fed. Appx. at 234 (quoting Andrews v. Fed. Home Loan Bank, 998

F.2d 214, 217 (4th Cir.1993)). The German court found that even if

the state actor directed the private company to reprimand or fire

an employee, the employee's termination could not be fairly

attributed to the state where the state did not order such a

result. Id. at 234-235. Notably, Plaintiff does not allege that

the Port Authority asked, much less demanded, that Bunnell Hill

terminate Plaintiff's employment. Likewise, Plaintiff does not

allege that the Port Authority threatened its relationship with

Bunnell Hill if Plaintiff was not fired. Without allegations such

10

as these, Plaintiff is unable to establish that the Port Authority exercised coercive power or such significant encouragement that Bunnell Hill's action may be deemed that of the State. <u>Blum</u>, 457 U.S. at 1004; <u>Wolotsky</u>, 960 F.2d at 1335.

Further, Plaintiff's allegations do not establish that a close nexus existed between the Port Authority and Bunnell Hill, which would enable the Port Authority to exert such control over Bunnell Hill that "the choice [to fire Plaintiff] must in law be deemed that of the State." <u>Blum</u>, 457 U.S. at 1004. As the Supreme Court in <u>Blum</u> stated:

> The purpose of this requirement is to assure that constitutional standards are invoked only when it can be said that the State is <u>responsible</u> for the specific conduct of which the plaintiff complains. The importance of this assurance is evident when, as in this case, the complaining party seeks to hold the State liable for the actions of private parties.

<u>Id</u>. In <u>Wolotsky v. Huhn</u>, the Sixth Circuit found "[m]erely because a business is subject to state regulation does not by itself convert its action into state action. Rather, it must be demonstrated that the state is intimately involved in the challenged private conduct in order for that conduct to be attributed to the state for purposes of section 1983." 960 F.2d at 1335 (internal citations omitted). Even taking Plaintiff's factual allegations as true, at best Plaintiff has alleged that the Port Authority influenced Bunnell Hill's decision, but not that the Port Authority was intimately involved in or responsible for Bunnell

11

Hill's choice to terminate Plaintiff's employment.

For the above stated reasons, the Court finds that Plaintiff has failed to allege facts sufficient to establish that the Port Authority either compelled Bunnell Hill to terminate Plaintiff's employment, as required under the state compulsion test, or that the two entities are so intertwined that Bunnell Hill's actions must be deemed that of the Port Authority, as required under the nexus test. Therefore, because Plaintiff cannot satisfy the "under the color of law" element necessary to establish a § 1983 claim, the Court finds dismissal of Plaintiff's § 1983 claim against the Port Authority proper.

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant Warren County Port Authority's Motion to Dismiss (doc. 8).  The bases for the dismissal of Plaintiff's claims against the Port Authority also apply to Defendant Warren County Board of Commissioners and Defendant Kimberly Coyner, as sued in her official capacity.  Therefore, the Court DISMISSES Plaintiff's claims against these Defendants as well.  However, Plaintiff's state law claims against Defendant Coyner, as sued in her individual capacity were not addressed by this motion.  As these are now the only remaining claims in this action, the Court DECLINES to accept supplemental jurisdiction, and DISMISSES WITHOUT PREJUDICE Plaintiff's state law claims against Defendant Kimberly

Coyner, as sued in her individual capacity.

       SO ORDERED.


Dated: February 10, 2009      <u>s/S. Arthur Spiegel          </u>
                                    S. Arthur Spiegel
                                    United States Senior District Judge